UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE: CHESAPEAKE EXPLORATION, L.L.C. (Market Enhancement Clause) | § § § § § § § § | CIVIL ACTION NO 4:23-cv-03464 <br><br> JUDGE CHARLES ESKRIDGE |

## MEC CLASS PLAINTIFFS' STATEMENT CONCERNING POTENTIAL RECONSIDERATION

Pursuant to this Court's Order of October 19, 2023 (Dkt. 2), the MEC Class Plaintiffs respectfully provide their position concerning the effect of former Judge Jones' resignation on their appeal of an order entered by Judge Jones in this case. For the reasons set out below, the MEC Class Plaintiffs prefer that their appeal of Judge Jones's order proceed without remand to a different bankruptcy court judge and reconsideration by a different judge.

Plaintiffs' position is largely driven by this case's exceptionally long history. The MEC Class refers to a class of lessors in Pennsylvania whose leases included a "Market Enhancement Clause" (MEC). Certain of the class representatives originally reached a class settlement with Chesapeake more than ten years ago in the Middle District of Pennsylvania. An amended settlement was presented to the Court in Pennsylvania and preliminarily approved in 2015, only to be delayed by objections from Pennsylvania's Attorney General, and then derailed by Chesapeake's bankruptcy filing. The parties presented a revised settlement to Judge Jones in March 2021, which he preliminarily approved, and the district court (Judge Rosenthal) finally approved. An objector appealed the approval of the settlement, and the Fifth Circuit held that the district court and bankruptcy court did not have subject matter jurisdiction over the settlement, *see Matter of Chesapeake Energy Corp.*, 70 F.4th 273, 280, 283 (5th Cir. 2023), and directed the

district court to dismiss the settlement proceedings for lack of jurisdiction. *Id.* at 285. Judge Rosenthal did so on July 13, 2023. *In re Chesapeake Energy Corp.*, H-21-1215, Dkt. 83. The Fifth Circuit was not presented with the question of the settlement's enforceability or validity, and did not rule on either issue.

Thereafter, Class Counsel advised Chesapeake that the parties should submit the settlement to the Middle District of Pennsylvania for approval. Chesapeake informed Class Counsel, however, that Chesapeake would be walking away from the settlement. Chesapeake then filed a motion in the bankruptcy court asking that Judge Jones declare the settlement to be null and void. In response, the MEC Class Plaintiffs argued primarily that any questions concerning the validity/enforceability of the settlement should be submitted to the Middle District of Pennsylvania, and that because the Fifth Circuit ruled Judge Jones had no subject matter jurisdiction to consider and approve the settlement, then Judge Jones likewise had no subject matter jurisdiction to further consider the settlement and declare it null and void. Despite the Fifth Circuit's ruling, Judge Jones granted Chesapeake Energy's motion on August 31, 2023. The MEC Class Plaintiffs appealed.

On behalf of their clients, Class Counsel were surprised and dismayed to learn of the allegations against Judge Jones. It goes without saying that they would have preferred to have litigated Chesapeake's motion before a judge without conflicts. However, remand and reconsideration would only add more delay to a case whose resolution has been far too long delayed. Moreover, the parties created a record before Judge Jones that is sufficient for the district court to rule on the legal questions presented by Plaintiffs' appeal. Little would be gained in litigating these legal questions again, particularly as this Court's review of these issues is *de novo* in either circumstance.

For these reasons, the MEC Class Plaintiffs respectfully request that their appeal of Judge Jones' order proceed without the need for additional proceedings.

Respectfully submitted,

Dated:  November 3, 2023

*/s/ Daniel E. Seltz*
Daniel E. Seltz (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592
dseltz@lchb.com

Larry D. Moffett (*pro hac vice*)
LAW OFFICE OF LARRY D. MOFFETT, PLLC
P.O. Box 1418
39 County Road 231
Oxford, MS 38655
Telephone:  (662) 298-4435
Cell:   (662) 801-3670
larry@larrymoffett.com

Michelle R. O'Brien
THE O'BRIEN LAW GROUP LLC
2800 Stafford Avenue, Box 3034
Scranton, PA 18505
Telephone: (570) 209-7901
Facsimile: (570) 309-0147
mobrien@theobrienlawgroup.com

Charles J. LaDuca
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue NE
Suite 200
Washington, D.C. 20016
Telephone: 202 789 3960
charles@cuneolaw.com

John W. ("Don") Barrett
BARRETT LAW GROUP
Post Office Drawer 927
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com

Charles E. Schaffer
LEVIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone:  (215) 592-1500
Facsimile: (215) 592-4663
CSchaffer@lfsblaw.com

*Counsel for MEC Class Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that I have caused to be served a true and correct copy of the foregoing on counsel of record via electronic case filing.

Executed on this the 3rd day of November, 2023.

                                              */s/ Daniel E. Seltz*
                                              Daniel E. Seltz